

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-71,296-03

### EX PARTE CLIFTON LAMAR WILLIAMS, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 114-1505-06-C IN THE 114TH DISTRICT COURT
### SMITH COUNTY

*Per curiam.* YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

### O P I N I O N

This is a subsequent application for a writ of habeas corpus in a capital case that

Applicant filed pursuant to Article 11.071, Section 5 of the Texas Code of Criminal

Procedure. Applicant raised a single allegation in this application that he is intellectually

disabled and ineligible for the death penalty under the United States Supreme Court's

holding in *Atkins v. Virginia,* 536 U.S. 304 (2002) and the Eighth Amendment. On direct

appeal, we held the evidence was sufficient to support the jury's negative answer to the

intellectual disability special issue in the punishment charge at trial. *Williams v. State*, 270 S.W.3d 112, 113-32 (Tex. Crim. App. 2008). We denied relief on Applicant's two prior habeas applications, which did not raise *Atkins* claims. *Ex parte Williams*, No. WR-71,296-01 (Tex. Crim. App. Mar. 18, 2009) (not designated for publication); *Ex parte Williams*, No. WR-71,296-02 (Tex. Crim. App. Sept. 20, 2017) (not designated for publication).

In 2017, the United States Supreme Court concluded that some of the standards in our caselaw did not comport with the Eighth Amendment's requirements regarding an intellectual disability determination. *Moore v. Texas,* 137 S.Ct. 1039 (2017). On June 5, 2018, we remanded this application to the trial court to further develop evidence and to make a recommendation on the issue of intellectual disability in light of *Moore*.[1]

The convicting court made findings of fact and conclusions of law recommending that we grant relief on Applicant's claim of intellectual disability. Having reviewed the record in this case, we determine that the convicting court's findings and conclusions are supported by the record. Relief is granted on Applicant's intellectual disability claim. Accordingly, we reform Applicant's sentence of death to a sentence of life imprisonment.[2]

---

[1] We remanded this application to the trial court "for a live hearing." The trial court scheduled a hearing, but canceled it after the parties notified the trial court that their experts agreed that Applicant is intellectually disabled.

[2] At the time of Applicant's offense in July 2005, the only available alternative punishment
(continued...)

Delivered:  December 9, 2020
Do not publish

---

[2](...continued)
for capital murder was life with the possibility of parole.  Life without parole was enacted in 2005, but did not take effect until September 1, 2005.  Acts 2005, 79th Leg., ch. 787, §§ 1, 17, pp. 2705, 2709, eff. Sept. 1, 2005.